**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUTH MANZO, | 2:06-cv-00325-BES-LRL |
| Plaintiff, | |
| v. | **ORDER** |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872; and DOES through X, inclusive, | |
| Defendants. | |

Before the Court is a Motion for Summary Judgment (#30) filed August 16, 2007 by Defendant Laborers International Union of North America, Local 872 ("Local 872"). Plaintiff Ruth Manzo ("Manzo") filed an Opposition to Defendant's Motion for Summary Judgment (#38) and a Supplement to Opposition to Motion for Summary Judgment (#41). Subsequently, Local 872 filed a Reply (#44).

## I. BACKGROUND

Plaintiff Manzo claims she was "sexually harassed, treated differently and terminated from her employment because of her gender (female) and in retaliation for having reported sexual harassment in the workplace." (Complaint (#1), ¶ 3). Manzo began employment with Local 872 on or about August 31, 2000, working as an office manager. In June 2003, Manzo was assigned to work as the administrative assistant for George Vaughn ("Vaughn"), Director of Organizing for Local 872. According to Manzo, Vaughn proposed marriage to her on several occasions and made some crude remarks to her. Manzo also claims Vaughn exhibited erratic and fearful behavior and went into a "jealous rage" in September of 2004 after he found out about Plaintiff's relationship with George McDonald ("McDonald"), a union

member who is now Plaintiff's husband. Manzo alleges that she reported Vaughn's behavior, which she considered sexual harassment, to Local 872's office manager, Lois Shelton ("Shelton") and executive board members Victor Espinoza ("Espinoza") and Frank Ocegueva ("Ocegueva").

Manzo was terminated on October 15, 2004 for persistent tardiness, after receiving a number of warnings regarding her tardiness. (Motion (#30), Exhibits B - G). According to these warnings, Manzo was late to work twenty-two times in May and June of 2004, then late four of five days during the week of October 11, 2004. Id. Manzo does not dispute that she was tardy on the dates documented in her warnings, but contends that her "tardy issues were very minor" and that Vaughn told her not to worry about the tardy warnings because he would never let her go. Accordingly, Manzo maintains it "does not make sense" that she was discharged for her attendance and she believes she was actually discharged in retaliation for refusing to comply with Vaughn's alleged sexual advances and for complaining of Vaughn's harassment and discrimination.

Plaintiff initiated this lawsuit on March 17, 2006, seeking damages and injunctive relief for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and Chapter 613 of the Nevada Revised Statutes. Plaintiff also asserts the following state law claims: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) negligent hiring, retention and/or supervision; and (4) assault. Defendants seeks summary judgment on claims asserted against it.

## II.  ANALYSIS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and

for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998).

Any dispute regarding a material issue of fact must be genuine—the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Id. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978). The evidence must be significantly probative, and cannot be merely colorable. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Defendant moves for summary judgment on Plaintiff's claims for hostile work environment[1], retaliation, intentional and negligent infliction of emotional distress, negligent hiring, retention and/or supervision, and assault. Applying the aforementioned standard, the Court now determines whether summary judgment on these claims is warranted.

**A.   Hostile Work Environment Claim**

To sustain a prima facie case of a hostile work environment, Plaintiff must show that: (1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. See Craig, 496 F.3d at 1054-55; see also Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2000). Additionally,

---

[1] Defendant correctly notes that Plaintiff's sexual harassment claim is based on allegations of hostile work environment and not quid pro quo harassment. Nowhere has Plaintiff alleged that her superiors "explicitly or implicitly conditioned a job, a job benefit, or the absence of a job detriment, upon [her] acceptance of sexual conduct." Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1054 (9th Cir. 2007).

the "working environment must both subjectively and objectively be perceived as offensive." Vasquez, 349 F.3d at 642 (quoting Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000)). If Plaintiff fails to present evidence that could lead a reasonable jury to conclude that she was subjected to a hostile work environment, Defendant is entitled to summary judgment. Id. at 643.

To support her hostile work environment claim, Plaintiff relies upon a number of incidents involving Vaughn. First, Plaintiff claims Vaughn proposed marriage to her within the first two months she started working for him, between June and August of 2003, and again in February and August of 2004. (Motion (#30), Manzo Deposition, Ex. A at 55:14-24, 61:14-62:1; 63:2-9). Manzo testified that, although she did not like Vaughn's proposals and considered them "disrespectful," she did not take them seriously or consider such joking to be harassment. (Id. at 56:1-19, 61:14-62:1)). Manzo also relies upon one isolated crude comment that Vaughn made in December of 2003 to Manzo and another coworker about McDonald. Vaughn allegedly stated that McDonald was "coming in his pants" at the company Christmas party. (Id. at 56:20-57:20). Plaintiff testified that she was offended and embarrassed by Vaughn's comment, but did not report it to anyone. Id. When viewed in a light most favorable to Plaintiff, the conduct alleged by Plaintiff meets the first two prongs of her prima facie case because Vaughn's behavior was sexual in nature and unwelcome. Vaughn's conduct also meets the requirement of being both subjectively and objectively abusive.

Manzo's prima facie showing turns on whether or not Vaughn's actions were pervasive and serious enough to amount to "a change in the terms and conditions employment." Craig, 496 F.3d at 1055 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)). The Supreme Court has cautioned that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and

4

conditions of employment."[2] Id. Even when viewing the facts in the record in the light most favorable to Plaintiff, the Court concludes that Vaughn's conduct was not severe or persistent enough for a reasonable woman in Manzo's position to consider the terms and conditions of her employment altered by Vaughn's actions. Although inappropriate, Vaughn's marriage proposals were not highly offensive and did not impair Plaintiff's ability to perform her job. This conduct is similar to that reported in cases where plaintiff was held *not* to have alleged harassment severe enough to support a hostile work environment claim. See, e.g., Candelore v. Clark County Sanitation Dist., 975 F.2d 588, 590 (9th Cir. 1992) ("isolated incidents of sexual horseplay alleged by [plaintiff] took place over a period of years and were not so egregious as to render [plaintiff's] work environment 'hostile'"). Vaughn's comment to Plaintiff about McDonald "coming in his pants" was highly offensive, but this single incident that lasted perhaps only minutes cannot be considered severe or pervasive enough to create a hostile working environment. See, e.g., Brooks, 229 F.3d 917 at 926 (citing case in which a single incident where defendant "pressed [plaintiff] against the door with his body" and plaintiff "felt defendant's erect sexual organ against her body" twice in a five minute period not severe or pervasive enough to create a hostile working environment).

The Court's conclusion in no way condones Vaughn's conduct, which was highly reprehensible. However, "not all workplace conduct that may be described as harassment affects a term, condition, or privilege of employment within the meaning of Title VII." Brooks, 229 F.3d at 927 (quoting Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986)); see also Faragher, 524 U.S. at 788 ("these standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'"). Accordingly, based on the foregoing, the Court grants Defendant's Motion for Summary Judgment (#30) on Plaintiff's hostile work environment claim under Title VII.

---

[2] To determine whether conduct is sufficiently severe or pervasive, courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Vasquez, 349 F.3d at 642 (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-71 (2001)).

**B.     Retaliation Claim**.

To establish a prima facie case of retaliation, a plaintiff must show (1) involvement in a statutorily protected activity, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action. Brooks, 229 F.3d at 928 (citing Payne v. Norwest Corp., 113 F.3d 1079 (9th Cir. 1997)).  In the termination context, the employee must show "by a preponderance of the evidence, that engaging in the protected activity was one of the reasons for the firing and that but for such activity the plaintiff would not have been fired."  Ruggles v. California Polytechnic State University, 797 F.2d 782, 785 (9th Cir. 1986) (citations omitted).  If an employee establishes a prima facie case, the burden of production shifts to the employer to present a legitimate reason for the adverse employment action. Brooks, 229 F.3d at 928.  If the employer is able to articulate such a reason, then the plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was pretext for a discriminatory or retaliatory motive.  Id.  Only then does the case proceed beyond the summary judgment stage.

       1.     Plaintiff Cannot Establish Her Prima Facie Case

The Court finds that Plaintiff has failed to establish a prima face case because she did not engage in protected activity and, it therefore follows that no causal link exists between any alleged protected activity and Plaintiff's termination.  Manzo alleges that she was discharged in retaliation for "refusing to comply with [Vaughn's] sexual advances, and for complaining of the sexual harassment discrimination to the Office manager Lois Shelton and Executive Board Members Victor Espinoza and Frank Oceguida [sic]."  (Complaint (#1), ¶ 6).  However, Manzo's uncorroborated accounts of her complaints of sexual harassment are contrary to her own deposition testimony, which reveals that her discussions with Shelton, Espinoza and Ocegueva involved only general concerns about Vaughn's "weird" and "scary" behavior from mid-September to early October of 2004.  Furthermore, Manzo's vague comments about Vaughn's behavior were not gender-related and made no reference to discrimination or sexual harassment.  In fact, Manzo admits that she did not, at any time during her discussions with these individuals, say anything about feeling sexually harassed or unlawfully discriminated

6

against by Vaughn. (See Opp. (#38), Manzo Deposition, Ex. A at 103:12-21). Accordingly, Manzo's alleged reports of harassment cannot be considered protected activity. See EEOC v. Crown Zellerbach Corp. 720 F.2d 1008, 1013 (9th Cir. 1983) (employee's statements cannot be "opposed to an unlawful employment practice unless it refers to some practice by the employer that is allegedly unlawful.").

Even if Plaintiff was able to establish involvement in protected activity, she has not produced any evidence of causation regarding her termination. To establish causation Plaintiff must show "by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [her] firing and that but for such activity [she] would not have been fired." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064–65 (9th Cir. 2002). Manzo is unable to establish causation because she fails to present any evidence that Vaughn, the person who made the termination decision, was aware of Manzo's alleged protected activity - her complaints to others about his behavior. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."). In the absence of any evidence of protected activity or a causal link between the activity and the termination, Manzo's retaliation claim fails because she cannot establish her prima facie case. See Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1197 (9th Cir. 2003) (without evidence that principals who made the allegedly retaliatory decisions were aware of plaintiff's protected activity, there is no genuine issue of material fact on retaliation claim).

2.   Defendant Has Demonstrated a Legitimate Reason for Terminating Plaintiff's Employment

Even if her prima facie case was sufficient, Local 872 has provided a legitimate, non-retaliatory explanation for Manzo's termination, as reflected in multiple warnings issued to Manzo about her tardiness. Because Defendant met its burden of offering a legitimate reason for the adverse action, the burden shifts back to Plaintiff to show a genuine issue of material fact exists for trial as to whether that reason is pretextual. In order to show that a defendant's stated reason is pretext, a plaintiff must adduce either direct or indirect evidence that the

defendant's motive was in fact retaliation. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998).

In this case, there is no direct evidence of retaliatory motive. Where direct evidence is unavailable, the plaintiff may come forward with "circumstantial evidence that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable." Id. Plaintiff attempts to indirectly prove pretext by arguing that she was an excellent employee and her tardiness issues were minor and therefore did not warrant termination. However, the evidence presented by Defendant regarding Manzo's attendance forecloses Plaintiff's challenges. Moreover, Plaintiff's subjective belief that she was an excellent employee with an acceptable attendance record, not supported by any evidence other than her own bare assertion, does not establish pretext. "A plaintiff may not defeat a defendant's motion for summary judgment merely by denying the credibility of the defendant's proffered reason for the challenged employment action." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1029, n.9 (9th Cir. 2006). "Nor may a plaintiff create a genuine issue of material fact by relying solely on the plaintiff's subjective belief that the challenged employment action was unnecessary or unwarranted." Id.; see also Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996) (concluding that an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact). Plaintiff also attempts to indirectly prove pretext based on the timing of her termination in relation to Vaughn's discovery of her relationship with McDonald, which allegedly sent him "over the edge and into a jealous rage."[3] (Opp. (#38), p. 11). However, Plaintiff's subjective belief that she was terminated because Vaughn was jealous of her relationship with McDonald is not supported by any evidence in the record and is insufficient to overcome summary judgment. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief that a defendant acted from an unlawful

---

[3] When questioned about his knowledge of Manzo's relationship with McDonald, Vaughn testified that he did not object to the relationship and had told Manzo that what she did outside of her job was her "personal business" and he could "care less." (Opp. (#38), Vaughn Deposition, Ex. 2 at 40).

1  motive, without evidence supporting that belief, is no more than speculation or unfounded
2  accusation about whether the defendant really did act from an unlawful motive.").

3  Plaintiff's retaliation claim fails because she has not provided evidence to demonstrate
4  that Defendant's stated reason for terminating Plaintiff was pretextual. See Hardage v. CBS
5  Broadcasting, Inc., 427 F.3d 1177, 1188 (9th Cir. 2005) (even assuming causation, summary
6  judgment for employer granted where plaintiff failed to rebut the legitimate reason for giving
7  adverse performance review). Accordingly, no genuine issue remains for trial and Defendant
8  is entitled to summary judgment as a matter of law on Plaintiff's Title VII retaliation claim.

9  **C.   Plaintiff's State Law Causes of Action**

10  This Court has ruled that Defendant is entitled to summary judgment on Plaintiff's
11  federal claims. Having dismissed Plaintiff's federal claims, this Court now declines to exercise
12  its discretionary authority to retain jurisdiction over Plaintiff's causes of action based on state
13  law. See 28 U.S.C. § 1367(c)(3); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991)
14  (in the usual case in which federal law claims are eliminated before trial, the district court
15  should decline to exercise jurisdiction over the remaining state law claims). Accordingly,
16  Plaintiff's third, fourth, fifth, sixth, and seventh causes of action are dismissed without prejudice
17  to her refiling those claims in an appropriate Nevada court.

18  **III.  CONCLUSION**

19  IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#30) is
20  GRANTED. Having granted summary judgment on Plaintiff's causes of action based on
21  federal law, this Court declines to retain jurisdiction over Plaintiff's remaining causes of action
22  based on state law. Thus, Plaintiff's third, fourth, fifth, sixth, and seventh causes of action are
23  DISMISSED WITHOUT PREJUDICE. The clerk of the court shall enter final judgment
24  accordingly.

25  IT IS FURTHER ORDERED that Defendant's pending Motion to Strike Plaintiff's
26  Designation of Supplemental Witnesses (#28) is rendered MOOT by this decision.

27  Dated this 7TH day of March, 2008.

28  

_____
UNITED STATES DISTRICT JUDGE